**FIFTY-FOUR TEN RIDGEWOOD COURT BUILDING CORPORATION, an Illinois Corporation, Plaintiff,**

v.

**John T. JARECKI, as Collector of Internal Revenue, and Nigel D. Campbell, former Collector of Internal Revenue, Defendants.**

**No. 51 C 19.**

United States District Court
N. D. Illinois, E. D.

Feb. 10, 1956.

Cummings & Wyman, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendants.

KNOCH, District Judge.

This matter came on to be heard on a stipulation of facts which the Court adopts. This suit was brought to recover $18,016.84 in income taxes and interest assessed against plaintiff and paid under protest. Plaintiff sold an apartment building, its principal asset, in 1947, and reported a capital loss. The Commission, in auditing plaintiff's final income tax return used as cost basis, the alleged fair market value of the property in 1934, and showed a gain.

The question presented here is: what was the proper cost basis. The Court has had the benefit of argument of counsel on briefs, has studied the authorities to which reference has been made and is fully advised in the premises.

It is plaintiff's contention that there was a tax-free reorganization here under Section 112(b) (5), 26 U.S.C.A. (I.R.C.1939), no gain or loss was recognized, and the old basis of the previous owner carried over as the cost basis for the sale in 1947.

Defendant contends that when plaintiff was organized a new cost basis was ac-

quired—the fair market value at the alleged date of acquisition, February 15, 1934. Under Section 113(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 696, the basis is the cost of the property to the taxpayer unless the property was acquired under such circumstances as to bring it within the scope of one of the enumerated exceptions, none of which, defendant contends, apply here.

Defendant admits that the 1934 transaction in which the taxpayer corporation acquired the property from the bondholders' nominee in exchange for taxpayer's stock, was a transaction within the provisions of Section 112(b) (5), as plaintiff asserts. The consideration was solely stock, the transferors were in control before and after the 1934 transaction, the amount of stock was proportioned to their prior interest in the property.

By reference to Section 113(a) (8), defendant also admits that the basis to the taxpayer corporation would be the basis in the hands of the bondholders' committee as transferor. But defendant contends that the transaction by which the bondholders' committee acquired the property did not meet the provisions of Section 112(b) (5) since the alleged transferors to the bondholders' committee, the Goetsches, did not continue, but, on the contrary, were eliminated by purchase, thus making two separate transactions and breaking the continuity of interest required in such reorganizations.

Plaintiff characterizes this as an artificial division of one process of acquisition into two separate transactions. It is plaintiff's position that on the facts, as stipulated, the Goetsches, in 1932, when default occurred, conveyed the real estate to the bondholders' nominee, surrendering management and control to the bondholders' trustee. The consideration was in effect an option to repurchase and a job as rent collector. Plaintiff asserts that at this time the Goetsches still owned some furniture which had not been the subject of any agreement, but no equity remained in them; that they were occasionally referred to in subsequent documents as "owners" for convenience only; that some $3,000 paid the Goetsches in 1934 was a mere settlement for "nuisance" value on the option to repurchase which had not expired and the furniture in the building; that the quitclaim deed then executed was merely a confirmatory one to meet the requirements of the Chicago Title & Trust Company for issuance of a guaranty policy, the Goetsches in 1934 having no further equity to convey.

The bondholders were not "closing out" their venture; they had been operating the property for two years, had controlled the title for that time, and continued in control of the new corporation (the taxpayer); there was a mere change in the form of ownership.

Although foreclosure proceedings instituted in 1932 were never completed, the agreements (plaintiff's exhibits 6 and 7) between the Goetsches and the trustee made such completion unnecessary, all power of control and management having been surrendered, and the Goetsches having quit-claimed to the trustee's nominee. There was provision for reconveyance, true, under certain circumstances, if the planned readjustment of the mortgage indebtedness were not carried out, but, although these plans were subsequently modified, title remained in the trustee's nominee and was never reconveyed to the Goetsches.

On the facts as agreed between the parties, the Court is of the opinion that the circumstances of acquisition do fall within the scope of Section 112(b) (5), Revenue Act of 1934; that the old basis of the previous owner did carry over.

An order in conformity with the foregoing may be presented to the Court within ten days from the date hereof.